**Corey DAVIS, Plaintiff-Appellant,**

v.

**Deveraux CANNICK, Aiello and Cannick, Kevin Keating, Defendants-Appellees.**

**15-3895-cv**

United States Court of Appeals, Second Circuit.

June 2, 2017

FOR PLAINTIFF-APPELLANT: Corey Davis, pro se, Adelanto, CA.

FOR DEFENDANTS-APPELLEES: No appearance.

PRESENT: Jon O. Newman, José A. Cabranes, Gerard E. Lynch, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Corey Davis, *pro se* and incarcerated, appeals from the District Court's *sua sponte* dismissal of his com- plaint for lack of diversity jurisdiction under 28 U.S.C. § 1332. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay." *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000); *see Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("To effect a change of domicile, two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there." (internal quotation marks omitted)).

Plaintiff submitted declarations stating that, prior to his incarceration, he moved to a residence in Florida. Even if the facts in those improperly sworn declarations were true, they were insufficient to establish Davis's domicile in Florida, as the District Court concluded.

## CONCLUSION

We have reviewed all of the arguments raised by Davis on appeal and find them to be without merit. Accordingly, we **AFFIRM** the November 16, 2015 judgment of the District Court.